IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW (ACORN), *et al.* | § § § § | |
| Plaintiffs, | § | Civil Action No. 06-1521-RJL |
| v. | § § § | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA), | § § § § | |
| Defendant. | § | |

# Exhibit 5

To Plaintiffs' Motion for a Temporary Restraining Order

# Texas RioGrande Legal Aid, Inc.
4920 N. IH-35
Austin, Texas 78751
Telephone (512) 374-2700
FAX (512) 447-3940

Writer's Direct Extension - 2725                                                                    LSC

July 31, 2006

John D'Araujo, Jr.                                                        By fax: 202-646-2730
Director of Recovery
Federal Emergency Management Agency
Recovery Division
500 C Street, SW
Washington, DC 20472

Dear Director Araujo:

We represent Gulf Coast evacuees in Texas. Our clients are deeply grateful for your July 27 decision to extend Section 403 emergency rental assistance until August 31 for people whose access to housing was scheduled to have terminated on July 31. We agree with your conclusion that this action is appropriate at least in part because better procedures are needed to determine which people are eligible to transfer from Section 403 to Section 408 housing assistance.

Meanwhile, however, other evacuees had their Section 403 emergency rental assistance terminated on May 31, and like the July 31 group, many of these evacuees have been initially determined to be ineligible for Section 408 assistance. Many of these evacuees recently sought our assistance as landlords began eviction proceedings against them. In Austin, Texas, for example, we know of numerous evacuees who will have their belongings placed on the August asphalt unless their Section 408 eligibility is properly determined. As we understand the facts, the Section 408 determinations for the Austin evacuees were made using the same problematic procedures that you agreed merit reconsideration for the July 31 group, including:

> The absence of any reason stated in the notice of Section 408 ineligibility.
>
> Failure to record any reason anywhere for why applicants are deemed ineligible for Section 408 assistance.
>
> Statement of a reason in the notice of ineligibility that is not a proper ground to deny benefits.
>
> The inconsistent treatment of evacuees based upon the city to which they were evacuated, regardless of whether evacuees had any choice in where to flee after Katrina or Rita.
>
> The absence of a meaningful appeal process.

      The denial of the ability to be represented or assisted by counsel or other appropriate advocates even when an authorization is on file.

So to ensure that all evacuees are accorded Due Process in the consideration of their foreseeable Section 408 claims, we request that FEMA extend Section 403 assistance until August 31st for all Katrina and Rita evacuees participating in the Section 403 program whose Section 403 rental assistance terminated prior to July 31st, and who have not yet been determined eligible for Section 408 assistance. If the local government or agency administering the Section 403 housing plan is unable to continue payment to the landlords, then FEMA can implement a rent payment program through either CLC or direct pay.

This matter is extremely urgent. If it is not resolved immediately, many evacuees will be rendered homeless simply because they were evacuated to one city over another, or because their names came to the top of the list sooner rather than later.

We will do our best to ensure that existing law is respected regarding our clients' access to emergency and temporary housing under Sections 403 and 408. We hope to accomplish this by resolving this matter in a constructive and cooperative fashion, furthering all of our common goals and building a record of success for all involved. If possible, we would like to resolve this matter without having to resort to litigation. So if you know of documents, witnesses, or legal authority that may contradict or qualify our clients' claims, we invite you to provide us with this information to help us ensure that the claims are correctly evaluated and resolved with minimum disruption and expense. Because our clients are facing imminent eviction, however, we may have no choice but to seek a temporary restraining order in federal court that would maintain the status quo while what we seek a prompt resolution of what we view as our clients' strong Due Process claims.

Accordingly, we must ask you to promptly describe your plan for responding to our request. You need not put anything in writing at this time, but before 10 a.m. Central Time on Thursday, August 3 we need to know, at least orally, how you plan to determine whether you will take further action. I can be reached by phone directly at 512-374-2725 and by fax to 512-447-3940. We look forward to receiving your response, detailing any proposals that you have for resolving this matter. Thank you for your kind attention.

                                                Sincerely,
                                                TEXAS RIOGRANDE LEGAL AID, INC.

                                                Robert W. Doggett
                                                Jerome Wesevich