IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW (ACORN), *et al.* §§§§ Plaintiffs, § v. § FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA), § Defendant. § | Civil Action No. 06-1521-RJL |

# Exhibit 8

To Plaintiffs' Motion for a Temporary Restraining Order

My name is Jennifer Jeans. I live at 7920 Rockwood Ln, #237, Austin, TX, 78757. I have worked at Texas RioGrande Legal Aid as a member of the Disaster Assistance Team since June 2006, and have worked with at least 50 hurricane survivors. My job as a disaster advocate generally involves finding out the status of clients applications, determining why they are ineligible, gathering the documents necessary to establish eligibility, and submitting them those documents to FEMA with an appeal letter.

The hardest part of my job is trying to figure out why the particular applicant has been determined ineligible by FEMA. Trying to understand what is going on with a client's FEMA application or file is like trying to piece together a puzzle. The first step is to gather the client's letters from FEMA, and the letters that the client has already submitted to the agency. Most of the time, these letters from FEMA don't provide any insight as to the specific reason why the client was denied, or what the client needs to do in order to become eligible for assistance.

The second step in piecing together the puzzle is to call the FEMA help-line. This is the only way that I have been able to get access to the applicant's file. Of course, the FEMA employees who answer the help-line can only surmise the reason for the particular applicants denial based upon the information available to them in the file. Caseworkers making the determinations in individual cases often don't make any notes in the files, and the help-line employees have no choice but to speculate as to why the individual was denied. They often make self-assured declarations as to what is needed before the client is determined eligible; and what is missing in the client's file. Assuming that the operator is qualified to be making such recommendations, FEMA applicants submit the requesting forms and documentation only to receive another letter in the mail determining them to be ineligible, often with another cryptic code, such as INC: Ineligible-No change on appeal, original ineligible status stands. In my experience, I've found it useful to call FEMA several times in order to get a more accurate idea of what is really going on in a client's case. Each call adds a little more to the picture, gives me more of an idea as to what is needed for the client to receive assistance.

Sometimes, the help-line employees cant even speculate as to why the applicant was denied. This was the case with one of my clients, Wanda White. Prior to hurricane Katrina Ms. White lived in a property managed by the Volunteers of America. VOA is a non-profit subsidized by HUD that provides affordable housing to the elderly and disabled. Ms. White suffers from sickle cell anemia and is confined to a wheelchair. She received assistance under the 403 voucher program, where the City of Austin paid Ms. White's landlord directly, but was having trouble converting from the 403 program to the 408 program. Ms. White received a letter from FEMA dated 2/7 stating that she was entitled to 0$ in rental assistance. This letter determined Ms. White eligible for rental assistance, and stated that there no change on appeal, her original eligible status stands. Ms. White then received a letter dated 4/6 denying her housing and medical assistance. This letter stated INELIGIBLE, no change, original INELIGIBLE status stands. Ms. White and I compiled all the documents necessary for recertification and the provision of Continued Rental Assistance under 408. Calls made to FEMA to ensure all the necessary documents were in order. Ms. White then received a letter dated August 4,2006, determining her to be eligible for rental assistance, stating that her original eligible status stands, but granting her $0 in rental assistance. Neither Ms. White nor I could determine what was going on in Ms. White's case. A telephone call to the FEMA help-line was unhelpful. Based on what the telephone employee told me, the case worker that reviewed Ms. White's recertification made

no notes in the file, and it appeared to the telephone employee that Ms. White had submitted everything required for recertification.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_/s/ Jennifer Jeans_ Date: 8/29/2006
Jennifer Jeans
7920 Rockwood Ln #237
Austin, TX 78757