IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW (ACORN), *et al.* | § § § § | |
| Plaintiffs, | § § | Civil Action No. 06-1521-RJL |
| v. | § § | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA), | § § § | |
| Defendant. | § § | |

# Exhibit 17

To Plaintiffs' Motion for a Temporary Restraining Order
(Emergency Injunctive Relief)

---

This Exhibit 17 consists of declarations (sorted in alphabetical order) from the following four advocates for disaster survivors:

1. Michelle A. Akers
2. Zeynep Kleiman
3. Nova McGiffert
4. Kirsten Mindrum

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW (ACORN), *et al.* | § § § § |
| Plaintiffs, | §  Civil Action No. 06-1521-RJL |
| v. | § § |
| FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA), | § § § |
| Defendant. | § § |

**Declaration of Michelle A. Akers**

I, Michelle A. Akers, declare the following based on my personal knowledge:

1. I am over 21 years of age and competent to make this declaration.

2. I have been a Hurricane Relief Case Manager from September 26, 2005 to August 1, 2006. I work for a nonprofit agency called Caritas of Austin that works with the low income and working poor as well as the homeless population. I have a degree in social work a Masters in Counseling and am license to practice in Texas. .

3. In this capacity I have worked with all types of hurricane survivors and their families to become self sufficient in Austin. I have seen in some capacity over 60 individuals/families as well as completed outreach activities on behalf of the needs of the survivors.

4. I have numerous problems with FEMA. One problem of late has been been proof of identity. FEMA has told people that a state identification card and a social security card are not enough. One client had to provide verification of a social security number and copies of IRS documents even though she had sent in the typical identification information. Another concern is lack of information. The notices from FEMA are unclear and usually fail to describe the problem with any specificity. Appeals take months in many cases. Often people do not have one week if it involves rental payment because the client will face eviction without assistance. Because the information system is so poor and the appeals take so long, people who are otherwise entitled to assistance are evicted while the red tape is being sorted out. If the notices and information were approved, the problem could hopefully be addressed the first time before it is too late.

5. FEMA's system, even now, has been the most difficult system to deal with compared to all the other systems I navigate. FEMA appears to change the guidelines, deadlines and definitions of what they require in mid stream. It is frustrating and very demeaning for the residents of the Gulf Coast to have to continue to prove they are worthy of these benefits when they are victims of a natural disaster.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

*Michelle A Akers* Date: 9/5/06

Michelle A. Akers, LSW, MA

ReEntry Case Manager

Caritas of Austin

479-4610 Ext #242

makers@caritasofaustin.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW (ACORN), *et al.* § § § § | |
| Plaintiffs, § | Civil Action No. 06-1521-RJL |
| v. § § | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA), § § § | |
| Defendant. § | |

## Declaration of Zeynep Kleiman

I, Zeynep Kleiman, declare the following based on my personal knowledge:

1. I am over 21 years of age and competent to make this declaration.

2. I am a social worker and have been a part-time employee at Caritas of Austin Hurricane Relief Program since February 2006. I've worked with about 20 Katrina survivors.

3. It has been a very frustrating process to deal with FEMA in general. About 90 percent of my clients have been disabled and their needs have been very high. I have found communications with FEMA to be very confusing, unclear, and intimidating for my clients. The letters FEMA sent out do not specify the reason for denial clearly and sometimes no reason is given at all. You can get even have two contradicting letters one after another. FEMA's documents are vague and confusing enough to me, but they are totally worthless to many of my clients who have literacy issues or low education. Calling FEMA does not always solve the problem either. My experience calling FEMA to get specifics about a case or to check on a claim has varied according to who answers the phone. I have talked to some FEMA workers that claim to know exactly what I needed to do and attempted to be very helpful. Of course, the information they provided did not always work. In fact, most of the time FEMA workers were not able to give me a decent answer or any assistance after being on the phone with them for 45 minutes.

4. As frustrating as it is, I will continue to work with hurricane survivors and help them go through obstacles because I know a lot of them would have quit fighting if they didn't have support.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____  Date: 9-8-06
Zeynep Kleiman, LCSW
Hurricane Relief Team Case Manager
Caritas of Austin

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW (ACORN), *et al.* | § § § § | |
| Plaintiffs, | § | Civil Action No. 06-1521-RJL |
| v. | § § | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA), | § § § | |
| Defendant. | § § | |

## Declaration of Nova McGiffert

I, Nova McGiffert, declare the following based on my personal knowledge:

1. I am over 21 years of age and competent to make this declaration.

2. I am a case manager with a nonprofit called Caritas in Austin, Texas. I have worked with 19 evacuee households from Hurricanes Katrina and Rita since July. Of those households, 17 have had difficulty with FEMA in either the recertification process or securing benefits at all. Many of my clients have lost valuable time in the appeal and recertification process because of lack of information from FEMA's denial letters and phone representatives.

3. One client, a survivor from Hurricane Rita, has been going back and forth with FEMA on what they call an "Insufficient Damage" appeal for months. He receives contrary information about needed documentation virtually every time he calls FEMA. The letters from FEMA are of little help. Because he lives far from his hometown, securing photographic documentation of his home's damage took over one month. When he finally called FEMA with the photographs in hand to ask how to best send the pictures, the FEMA representative told him that photographs are insufficient proof of damage. The reasoning she gave is because FEMA's scanners do not present a clear enough picture to use as evidence. Now he is told that he needs a formal estimate from a licensed contractor of the amount of damage. He is now one month closer to homelessness and without emergency rental assistance, this client and his 13 year-old son would be in line at the shelter. He is on social security disability and has been actively looking for a part-time job.

4. If FEMA had to specifically state the problem in writing, and provide an explanation of what is required to address the problem, my clients would be better able to qualify for assistance

timely. The current system wastes valuable time and places an unfair burden on evacuee families. FEMA's system has been confused from the beginning and has yet to be improved. I am hoping something can be done to prevent another family from becoming homeless that should not be.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____ Date: 9/6/06

Nova McGiffert

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW (ACORN), *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA), <br><br> Defendant. | Civil Action No. 06-1521-RJL |

### Declaration of Kirsten Mindrum

I, Kirsten Mindrum, declare the following based on my personal knowledge:

1. I am over 21 years of age and competent to make this declaration.

2. I am a case manager for survivors of Hurricane Katrina at the Arc of the Capital Area, a local nonprofit in Austin, Texas. My involvement with FEMA began when I volunteered with FEMA from October 26 to November 24, 2005, as a part of a collaboration between FEMA and the US Peace Corps. During this time I met with evacuees in the state of Oklahoma who, two months later, were still living in hotels. I assisted them with their FEMA application, and gave information and guidance on how to obtain long-term shelter and resources. Beginning Feb. 21, 2006, I began my job at the Arc of the Capital Area, providing case management to Katrina survivors with disabilities. I have worked with about 35 families at this agency, 25 of which needed assistance with acquiring their FEMA benefits.

3. I have found many FEMA employees to be helpful and straightforward with the information they have available to them. I knew some FEMA employees who were working 80 hours per week and doing everything that they could. However, I have come across major inconsistencies and contradictory information relayed by FEMA employees in what seems to be a process that intentionally weeds out disaster victims by being unclear about the information that FEMA requires. For example, Client A was deemed ineligible for continued rental assistance. Client A and I are informed that an inspection needs to be done at the damaged dwelling. Though the house has been torn down, and rebuilt, the inspector still needs to see the inside of the house. Though this is purposeless in acquiring any information about the damaged dwelling, Client A finds a family member with a key to meet the inspector. Two weeks later, we check with FEMA's helpline (1-800-621-FEMA) again. Now, there is a problem with shared households.

Applicant A lived with her mother in New Orleans. They were separated after the hurricane and Client A ended up in Austin, TX and mother in Atlanta, GA. Both have acquired jobs in their respective cities and Client A is supporting her 17-year-old brother who is enrolled in school in Austin, TX. An appeal is written to explain. Several weeks later, another call to FEMA is made, and now there is a problem with the mother having flood insurance and there being no landlord tenant relationship between the mother and Client A. None of the FEMA notices explain this, what to do, or how to address the problem. The notices are so vague FEMA uses them to claim a multitude of problems, one after another. There is no transparency, and information is being withheld which drags out the process of appeal and leads to evictions and homelessness.

4. The process of finding out what documentation is needed by FEMA can be extremely difficult. Applicant B has written three housing plans (a requirement for continued rent assistance FEMA says), all deemed inadequate by FEMA. The FEMA hotline representative is unable or unwilling to tell the survivor or me why the housing plan is inadequate. After waiting two weeks for the housing plan to be processed each time, Applicant B is now in court being evicted. Now she will not be eligible for HUD's Public Housing either. FEMA withheld information that was needed by my client, and has done so in many other cases. This is wrong. Disaster victims should know what is needed from them. These are only two examples amongst 25. As I stated earlier, I trust FEMA Helpline employees on the phone to be straightforward with the information that they have available to them. The problem may lie here---the complete information is not available to them either, and it is certainly not available to the evacuees or their advocates. Of course I cannot imagine what evacuees face without assistance from a caseworker. FEMA's system is extremely difficult with assistance from a caseworker like me who has an office, internet access and a fax machine. It must be even more difficult for a survivor without help. FEMA's notices must be improved at the very least so the process is fair for everyone.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____ Date: 9/6/06
Kirsten Mindrum