# FEMA
## RECOVERY DISASTER-SPECIFIC GUIDANCE

I. **TITLE:** **Displaced Renter Eligibility Determinations**

II. **DATE:** June 19, 2006

III. **PURPOSE:**

The purpose of this Disaster-Specific Guidance (DSG) is to establish eligibility criteria for pre-disaster renters when a post-disaster inspection has resulted in a determination of insufficient damage (IID).

IV. **SCOPE AND AUDIENCE:**

This Disaster Specific Guidance applies to the following declared disasters: DR 1603-LA, 1604-MS, 1605-LA, 1606-TX, and 1607-LA. All personnel are directed to follow this guidance.

V. **AUTHORITY:**

Section 408 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. §5174)

VI. **BACKGROUND:**

An IID determination means the dwelling/property was not sufficiently affected by the disaster to render it uninhabitable; i.e., it sustained either modest or no direct physical damage. Nevertheless, many of the renter applicants who were forced to relocate lost either personal property or access to their rented dwelling, or both. Because FEMA's existing IID determination protocols do not adequately account for such circumstances, this DSG provides guidance regarding displaced renter eligibility determinations.

VII. **GUIDANCE:**

   A. A displaced applicant who was a pre-disaster renter and who received a determination of insufficient damage to their pre-disaster residence may be eligible for rental assistance if:

     1. Their pre-disaster residence is no longer available, AND:

     2. The applicant does not own a secondary or vacation home within reasonable commuting distance of their pre-disaster residence.

## FEMA
### RECOVERY DISASTER-SPECIFIC GUIDANCE

    B. A displaced applicant who was a pre-disaster renter and who received a determination of insufficient damage to their pre-disaster residence may be eligible for personal property reimbursement if:

    1. The conditions of A, above, are met; AND:

    2. The personal property was not retrieved after the disaster; AND:

    3. There is a continuing need for personal property that has not been met through any other source.

    C. Notwithstanding sections A and B above, requests for rental or personal property assistance resulting from an applicant choosing *not* to return to their pre-disaster residence due to a *perceived* lack of adequate community services (e.g., medical facilities, local law enforcement, and fire services) is insufficient justification to qualify an individual for assistance. This restriction does not apply where a jurisdiction has officially and formally discouraged former residents from returning to their pre-disaster residences due to inadequate community services.

    D. Applicant eligibility will be based on a signed certification that the qualifying criteria apply. FEMA reserves the right to validate such certifications, and to implement recoupment actions if such a certification is subsequently determined to be invalid.

**VIII. ORIGINATING OFFICE:** Recovery Division (Individual Assistance Branch).

**IX. REVIEW DATE:** One year from the date of publication.

_____
David Garratt
Acting Director of Recovery
Federal Emergency Management Agency