UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW (ACORN), <u>et al.</u>, ) ) ) ) Plaintiffs, ) ) v. ) ) FEDERAL EMERGENCY ) MANAGEMENT AGENCY, ) ) Defendant. ) ) | Civil Action No. 06-1521-RJL |

**ERRATA CORRECTING
DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF**

Defendant respectfully submits this errata correcting the following errors in defendant's Memorandum in Opposition to Plaintiffs' Request for Preliminary Injunctive Relief.

**Pages 2-3, fourth ¶ under "STATEMENT OF THE CASE."**

Finally, FEMA employed additional outreach efforts to ensure that Section 408 applicants were afforded the maximum opportunity to satisfy the eligibility requirements for that program; ~~in Texas alone,~~ these efforts reduced the number of ineligible evacuee households <u>nationwide</u> by ~~more than 80~~ <u>approximately 23</u> percent over a ~~six-month~~ <u>five-month</u> period.

**Page 7, first ¶ under "I. Hurricane Katrina."**

During the first forty days of the Hurricane Katrina response effort alone, however, the NPSCs ~~processed~~ answered more than 4 million calls <u>for processing</u>, which averaged out to 100,000 calls per day.  <u>Id.</u>

**Page 7, first ¶ under "II. THE SECTION 403 APARTMENT PLAN."**

Under the Section 403 Apartment Program created for the first time in response to Hurricane Katrina, FEMA ~~entered into agreements with state and local governments that authorized those entities to enter~~ <u>permitted state and local governments to apply for Public Assistance grants by which FEMA could reimburse the state and local governments for entering</u> into lease agreements with landlords and/or provide rental vouchers to evacuees to give to the landlords.  Id. ¶ 61.

**Page 9, fourth ¶ under "III. THE TRANSITION FROM SECTION 403 TO SECTION 408."**

However, the DSG permitted extensions of Section 403 assistance if<u>:</u> ~~(1)~~ FEMA did not provide state and local governments with lists of ineligible and eligible tenants in sufficient time to accomplish a thirty-day notice to evacuees determined to be ineligible for Section 408 assistance, and their landlords<u>.</u> ~~; or (2) a state or local government could provide reasons why it could not provide the notices to landlords and evacuees~~ <u>determined eligible for Section 408 assistance</u> ~~within the time frame designated~~.  Id.

**Page 9, fifth ¶ under "III. THE TRANSITION FROM SECTION 403 TO SECTION 408."**

Sixteen local government ~~and eligible charities~~ nationwide – including Houston, Austin, and San Antonio – requested extensions beyond the initial May 31, 2006 deadline to June 30, 2006.  Id. ¶ 91.  FEMA granted each of those requests.  Id.

**Page 13, first ¶ under "B. Subsequent Outreach Efforts."**

~~In Texas alone~~ <u>Nationwide</u>, these efforts reduced the number of ineligible evacuee households by approximately 23 percent over a ~~six-month~~ <u>five-month</u> period, from roughly 14,265 households in April 2006 to fewer than 10,989 by September 6, 2006.

**Page 34, first full ¶ on page and eighth ¶ under Argument Part II.A.**

By virtue of FEMA's efforts alone, roughly 23 percent of the evacuees ~~in Texas~~ <u>nationwide</u> deemed ineligible for Section 408 assistance as of April 2006 have subsequently been determined to be eligible.  <u>See</u> Dannels Decl. ¶ 112.

Dated: September 13, 2006                    Respectfully submitted,

                                          PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney


                      */s/ Christopher R. Hall*
MICHAEL SITCOV
CHRISTOPHER R. HALL
Trial Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20530

(202) 514-4778