IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW (ACORN), *et al.* | § § § § | |
| Plaintiffs, | § § | Civil Action No. 06-1521-RJL |
| v. | § § § | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA), | § § § § | |
| Defendant. | § | |

**PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

FEMA's motion to dismiss (Doc. No. 12) largely repeats FEMA's arguments on issues that are already before this Court in connection with plaintiffs' pending motion for a preliminary injunction. *See* Doc. Nos. 3, 7, & 9. Rather than repeat what has already been said, plaintiffs will rely on the arguments and authority set forth in their preliminary injunction materials, which plaintiffs hereby incorporate by reference. As explained below, the only new issue raised by FEMA's motion to dismiss is based on a fundamental mischaracterization of plaintiffs' claim.

A.  **FEMA's Mootness Argument Misstates the Claims and Relief Sought in this Case.**

FEMA bears the burden of proving its mootness claim, *Adarand Constructors v. Slater*, 528 U.S. 216, 222 (2000), and plaintiffs' claims cannot be dismissed as moot unless FEMA proves that this Court cannot grant plaintiffs "any effectual relief whatsoever." *Public Utilities Comm. of Calif. v. FERC*, 236 F.3d 708, 713-14 (D.C. Cir. 2001). FEMA argues that this case is moot because FEMA has ended its Section 403 apartment program and, according to FEMA, "plaintiffs allege that defendant terminated plaintiffs' housing assistance under the Section 403

Apartment Program without providing an explanation of the termination decision that satisfied due process and the APA . . . ." Def's Mtn. to Dismiss at 11. FEMA is wrong. Plaintiffs do not claim that FEMA failed to provide adequate notice of its *Section 403 termination decisions*. Rather, plaintiffs claim that FEMA failed to provide constitutionally adequate notice of its *Section 408 ineligibility determinations*.

Indeed, FEMA previously acknowledged that "[t]his case presents a straightforward question for this Court's consideration: whether FEMA provided plaintiffs the procedural due process safeguards to which they are entitled when it notified them that they were not eligible for temporary housing assistance under *Section 408*." Def's Opp. to Mtn. for Prelim. Inj. (Doc. No. 7) at 2 (emphasis added). Similarly, during the preliminary injunction hearing, FEMA's counsel correctly stated the issue in this case: "Did FEMA satisfy the requirements of due process in notifying Plaintiffs that they were ineligible for rental assistance under Section 408." Hearing Tr. at 14:22-24 (Sept. 15, 2006).

FEMA also misstates the relief that plaintiffs seek. FEMA claims that "plaintiffs seek an injunction requiring, *inter alia*, that defendant provide a detailed, written basis for the termination of Section 403 assistance for any Hurricane Katrina or Rita evacuee before any such assistance is terminated." Def's Mtn. to Dismiss at 11. That is not correct. Plaintiffs seek an injunction requiring FEMA to (1) provide adequate notice of Section 408 ineligibility decisions; and (2) maintain or restore temporary housing assistance until FEMA provides such notice and an opportunity to appeal. Pls' Reply in Support of Mtn. for Prelim. Inj. (Doc. 9) at 20-21.

Neither part of the relief sought requires the uninterrupted continuation of the Section 403 apartment program.[1]

**B.     All Plaintiffs Have Standing.**

In seeking emergency injunctive relief, plaintiffs provided the Court with ample facts and law to show that they have standing to litigate their claims.  *See* Pls' Reply in Support of Mtn. for Prelim. Inj. at 6-10.  The only new standing argument that appears in FEMA's motion to dismiss is the claim that the termination of the Section 403 apartment program impedes redressability.  Def's Mtn. To Dismiss at 18-21.  This argument relies on the same mischaracterization of plaintiffs' claims that FEMA uses to support its claim of mootness, and fails for the reasons discussed above.

**C.     Plaintiffs' Constitutional Claims Are Not Barred By Sovereign Immunity.**

As plaintiffs explained in their memorandum in support of their motion for a preliminary injunction (at 6-8), this Court has jurisdiction to consider plaintiffs' claims.  In repeating its boilerplate argument that federal sovereign immunity deprives the Court of jurisdiction, FEMA fails to appreciate the difference between garden-variety cases involving discretionary functions and suits alleging the violation of constitutional requirements.  Where constitutional requirements are at issue, the courts have uniformly rejected FEMA's assertion of sovereign immunity because adherence to the Constitution "is not discretionary; it is mandatory."  *Rosas v. Brock*, 826 F.2d 1004, 1008 (11th Cir. 1987).

---

[1] Indeed, during the August 31, 2006, telephone hearing on plaintiffs' motion for a temporary restraining order, the Court put FEMA on notice that if the Court ultimately finds for plaintiffs on their constitutional claims, the Court may order FEMA to provide back-payments of housing assistance to affected hurricane survivors.

**D.     ACORN Has Standing To Sue On Behalf Of Its Members And In Its Own Right.**

FEMA also repeats, nearly verbatim, its previous attack on ACORN's standing under the second and third prongs of the familiar three-part *Hunt* test for associational standing. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977). For the reasons plaintiffs have already explained, these arguments should be rejected. *See* Pls' Reply in Support of Mtn. for Prelim. Inj. at 6-10.

**E.     Plaintiffs Have a Constitutionally Property Interest In FEMA Housing Assistance.**

Finally, although it declined to raise the issue in its opposition to plaintiffs' motion for a preliminary injunction (at 30 n.5), FEMA now half-heartedly contends that plaintiffs do not possess a property interest in FEMA housing assistance benefits. Thus far, however, the only court to have decided the question has concluded that "by virtue of the automatic, non-discretionary nature of FEMA's provision of assistance as found in both practice and the Stafford Act and its implementing regulations"—under which all Hurricane Katrina and Rita evacuees who meet FEMA's objective eligibility criteria are provided assistance—those evacuees "have a constitutionally protected property interest in receipt of housing assistance." *McWaters v. Federal Emergency Management Agency*, 436 F.Supp.2d 802, 818 (E.D. La. 2006). FEMA does not so much as mention, let alone distinguish, that decision. Moreover, as plaintiffs explained in their memorandum in support of their motion for a preliminary injunction (at 9-14), numerous controlling decisions support plaintiffs' position.

## CONCLUSION

The motion to dismiss should be denied.

Respectfully submitted,


  */s/ Michael T. Kirkpatrick*
Michael T. Kirkpatrick
    (DC Bar No. 486293)
    mkirkpatrick@citizen.org
Deepak Gupta
    (DC Bar No. 495451)
    dgupta@citizen.org
Brian Wolfman
    (DC Bar No. 427491)
    brian@citizen.org
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, DC 20009
(202) 588-1000
(202) 588-7795 (fax)

Robert W. Doggett
    (TX Bar No. 05945650)
    rdoggett@trla.org
Jerome W. Wesevich
    (TX Bar No. 21193250)
    jwesevich@trla.org
Texas RioGrande Legal Aid, Inc.
4920 North Interstate Highway 35
Austin, Texas 78751
(512) 374-2725
(512) 447-3940 (fax)

Dated: November 9, 2006        *Attorneys for Plaintiffs*