UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW (ACORN), et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL EMERGENCY MANAGEMENT AGENCY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 06-1521-RJL |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. PRO. 12(b)(1) AND 12(b)(6)**

Defendant's Motion to Dismiss [Docket No. 12] explained that the Court lacks jurisdiction over plaintiffs' claims because plaintiffs lack standing to assert them, because they are moot, and because none falls within any waiver of the United States' sovereign immunity. Plaintiffs attempt to avoid the preclusive effects of these fatal jurisdictional defects by trying to litigate different claims than those alleged in their complaint. As we now explain, plaintiffs are stuck with the claims they actually asserted in the complaint, and the Court does not have jurisdiction over any of them.

    **A.**    **Plaintiffs' Claims Are Moot.**

Defendant's opening memorandum explained that the claims that plaintiffs actually asserted in their Complaint are moot because they challenge FEMA's decisions under a program – the Section 403 Apartment Program – that was terminated months ago for Hurricane Katrina evacuees. Plaintiffs' sole argument in response, that defendant is misstating their claims and the

relief they seek, misses the essential point: for mootness purposes, the allegations that matter are those that plaintiffs make in their complaint. And this complaint focuses exclusively on the termination of benefits they were receiving under the Section 403 Apartment Program.

It is axiomatic that the well-pleaded allegations of a plaintiff's complaint dictate what claims are before the Court. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984). It is equally axiomatic that "a complaint may not be amended by the briefs in opposition to a motion to dismiss." Arbitraje Case de Cambio v. U.S. Postal Service, 297 F. Supp. 2d 165, 170 (D.D.C. 2003) (quoting Coleman v. Pension Benefit Guar. Corp., 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000)); see also Car Carriers, 745 F.2d at 1107 (same). For these reasons, plaintiffs may not use subsequent briefs in an effort to "amend" their complaint to properly allege a claim not well-pleaded. See Calvetti v. Antcliff, 346 F. Supp. 2d 92, 107 (D.D.C. 2004).

Plaintiffs assert two claims, both of which focus excessively on the termination of plaintiffs' Section 403 assistance. Plaintiffs' Due Process claim states:

> FEMA's housing assistance <u>termination</u> notices, as described above and attached as Exhibit 1, do not provide evacuees, including Plaintiffs, with constitutionally sufficient notice of the fact that assistance will be <u>terminated</u>, the reasons for <u>termination</u>, how the <u>termination</u> decision was made, how any <u>termination</u> decision may be appealed and decided, and what steps, if any, the evacuees may take to correct any errors that produced FEMA's <u>termination</u> of benefits.

Compl. ¶ 56 (emphasis added). Similarly, plaintiffs' Administrative Procedure Act claim states that "FEMA's preparation and publication of its housing assistance <u>termination</u> letters, examples of which are described above and attached as Exhibit 1, constitute agency actions, findings, and conclusions that are reviewable under the APA," and "FEMA's actions in issuing the <u>termination</u> letters as described above" violate the APA. Id. ¶¶ 59, 60 (emphasis added). The sole emphasis

of plaintiffs' claims is on the <u>termination</u> of housing assistance; the only such assistance common to each of the plaintiffs – both the individual plaintiffs and those persons purportedly represented by ACORN – was that provided under FEMA's Section 403 Apartment Program. Thus, the claims properly before the Court relate to that program.

Because the Section 403 Apartment Program is over as to all Hurricane Katrina evacuees, plaintiffs' claims in this case are moot. As explained in detail in defendant's opening memorandum, the mootness doctrine bars jurisdiction over a plaintiff's case where "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future," even if the case may have presented a live controversy at the time of its filing. See <u>Clarke v. United States</u>, 915 F.2d 699, 700-01 (D.C. Cir. 1990) (internal quotes and citations omitted). FEMA ended the Section 403 Apartment Program as to all remaining Hurricane Katrina evacuees as of September 30, 2006. <u>See</u> Defs.' Mot. to Dismiss at 11-12. For that reason, there is no likelihood whatever that plaintiffs would receive any benefit from a ruling in their favor; plaintiffs thus have no stake in the claims they allege or the relief they seek in their complaint. <u>See</u> <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-80 (1990).

It is significant that plaintiffs' response to this argument makes no mention of the actual language of the complaint. Instead, plaintiffs rely exclusively on statements made in briefs or at oral argument to support their claim that they actually are challenging FEMA's determinations about their eligibility for assistance under the Section 408 program rental assistance program, which is entirely separate from the Section 403 Program. <u>See</u> Pls.' Opp. at 2, 3. As we explained above, however, plaintiffs cannot modify the claims in their complaint – or add claims

not included in their complaint – through subsequent briefs (or at oral argument). See, e.g., Arbitraje Case de Cambio v. U.S. Postal Service, 297 F. Supp. 2d 165, 170 (D.D.C. 2003).

Plaintiffs apparently wish they had challenged actions FEMA took under programs other than the Section 403 Apartment Program for Hurricane Katrina evacuees. However, short of amending their complaint, they are limited to litigating the specific claims they have asserted in their complaint. See id. Because those claims have been rendered moot by the end of FEMA's Section 403 Apartment Program as to Hurricane Katrina evacuees, plaintiffs' complaint should be dismissed.

**B.      Plaintiffs Lack Standing.**

Similarly, plaintiffs' argument that they possess standing to bring their claims fails because, inter alia, they cannot satisfy the injury-in-fact or redressibility prongs of the standing test. As discussed in greater detail in defendant's motion to dismiss, see Defs.' Mot. to Dismiss at 18-20, plaintiffs do not possess standing to seek injunctive relief where there is no "real and immediate threat of repeated injury." See City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). Here, because FEMA has ended the Section 403 Apartment Program for Hurricane Katrina evacuees, there is no likelihood whatever that plaintiffs will in the future be exposed to the injuries they allege, or that any remedy ordered by the Court would redress such injuries. Plaintiffs' response – identical to their response to defendant's mootness argument – is unavailing for the same reasons discussed above.

**C.      Plaintiffs' Claims are Barred by Sovereign Immunity.**

Likewise, plaintiffs' argument that sovereign immunity does not apply to their claims fails for at least two reasons. First, both of the claims actually alleged in the Complaint focus

exclusively on FEMA's decision to terminate assistance plaintiffs formerly received under the Section 403 Apartment Program. See Compl. ¶¶ 56, 59-60. Plaintiffs do not dispute that the decision to provide disaster assistance in the first place is entirely within the discretion afforded FEMA under the Stafford Act, 42 U.S.C. § 5121 et seq. Similarly, plaintiffs cannot argue that FEMA lacks the discretion to end its provision of disaster relief, as it did here by transitioning all Hurricane Katrina evacuees out of the Section 403 Apartment Program and terminating that program as to such persons.

As we explained in our opening memorandum, the APA's waiver of sovereign immunity does not extend to review of agency action to the extent that "statutes preclude judicial review" or to actions "committed to agency discretion by law." 5 U.S.C. § 701(a)(1), (2). See Defs.' Mot. to Dismiss at 12-16. The Stafford Act commits to FEMA's discretion the decision to provide disaster relief itself, and the form and duration of such relief. See id. at 3-5, 12-16. Thus, given that the most basic decisions regarding disaster assistance are firmly committed to FEMA's discretion, there is no statutory waiver of sovereign immunity that would apply to plaintiffs' claims.

Nor is there anything to plaintiffs' contention that FEMA's sovereign immunity is no defense "[w]here constitutional requirements are at issue," Pls.' Opp. to Defs.' Mot. to Dismiss at 3. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471 (1994), clearly recognizes that absent a specific statutory waiver, constitutional claims are barred by sovereign immunity just like other claims. 510 U.S. at 480-83. In Meyer, the Supreme Court held that the defendant Federal Savings and Loan Insurance Corporation's ("FSLIC") sovereign immunity as to constitutional tort claims was waived by the agency's sue-and-be-sued clause. Id. at 483. If

5

plaintiffs' argument on this point were correct, the Court would never have had to address the issue of whether FSLIC's sue-and-be-sued clause waived sovereign immunity for constitutional claims in the same fashion as it did for statutory claims.

The Stafford Act includes no sue-and-be-sued clause. Thus, the only potentially applicable waiver is that of the APA, which does not apply to discretionary actions. For that reason, FEMA's sovereign immunity is preserved, and bars plaintiffs' challenge here.[1]

**D.    Plaintiffs Have No Property Interest in FEMA Housing Assistance.**

Plaintiffs' argument that they possess a constitutional property interest in FEMA housing assistance also is meritless. It is based on claims not contained in their complaint and, in any event, ignores controlling precedent from the D.C. Circuit.

In both Roth v. King, 449 F.3d 1272 (D.C. Cir. 2006), and Washington Legal Clinic for the Homeless v. Barry, 107 F.3d 32 (D.C. Cir. 1997), the D.C. Circuit emphasized that plaintiffs can possess no legitimate claim of entitlement to a governmental benefit if the agency providing that benefit exercises discretion in doing so. Roth, 449 F.3d at 1284; Washington Legal Clinic, 107 F.3d at 36-37. Here, FEMA possesses enormous discretion with respect to the provision of disaster assistance, including the decision whether to provide such assistance in the first place. See Defs.' Mot. to Dismiss at 27-28. This degree of discretion is fatal to plaintiffs' argument that they possess a property interest in such assistance.

In addition, plaintiffs' reliance on the decision in McWaters v. FEMA, 436 F. Supp. 2d

---

[1] To the extent that the Eleventh Circuit's decision in Rosas v. Brock, 826 F.2d 1004 (11th Cir. 1987), could be construed to suggest otherwise, it should simply be disregarded as inconsistent with the Supreme Court's subsequent decision in Meyer, issued seven years after Rosas.

802 (E.D. La. 2006), is misplaced, as the facts at issue here are distinguishable from those before the court in McWaters. In McWaters, plaintiffs challenged, among other things, FEMA's denial of temporary housing assistance in the weeks immediately following Hurricane Katrina, or what plaintiffs perceived as improper delays in the provision of such assistance. See 436 F. Supp. 2d at 805-06. At that time, obviously, FEMA was in the relatively early stages of providing relief to Hurricane Katrina evacuees, and the actions plaintiffs were challenging were part of active relief programs. Here, by contrast, plaintiffs challenge actions taken under the Section 403 Apartment Program, a program that has now ended as to all Hurricane Katrina evacuees, and no longer provides benefits to any such persons. Thus, as explained in greater detail elsewhere, plaintiffs have no protectable property interest in FEMA housing assistance, regardless of whether they may have possessed such an interest at some earlier time.

**CONCLUSION**

For the foregoing reasons, and as set forth in greater detail in defendant's Motion to Dismiss, the Court should dismiss plaintiffs' claims for lack of subject matter jurisdiction or failure to state a claim upon which relief may be granted.

Dated: November 20, 2006                                    Respectfully submitted,

                                                            PETER D. KEISLER
                                                            Assistant Attorney General

                                                            JEFFREY A. TAYLOR
                                                            United States Attorney


                                                             */s/ Christopher R. Hall*
                                                            MICHAEL SITCOV
                                                            CHRISTOPHER HALL
                                                            Trial Attorneys
                                                            U.S. Department of Justice
                                                            Civil Division
                                                            Federal Programs Branch
                                                            P.O. Box 883
                                                            Washington, D.C.  20530

                                                            (202) 514-4778