IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSIORCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW (ACORN), *et al.* § § § § Plaintiffs, § § v. § § FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA), § § § § Defendant. § | Civil Action No. 06-1521-RJL |

**PLAINTIFFS' MOTION FOR AN IMMEDIATE STATUS CONFERENCE
TO DETERMINE WHAT EFFORTS, IF ANY, DEFENDANT HAS MADE
TO COMPLY WITH THIS COURT'S ORDER OF NOVEMBER 29, 2006**

It has become increasingly apparent that FEMA has not complied with this Court's November 29 Order. Plaintiffs respectfully request that the Court convene a status conference to determine whether FEMA is engaged in efforts to comply with the Order, and, if not, to order appropriate relief.

On December 5, 2006, plaintiffs moved for a compliance plan and status conference because, despite having repeatedly contacted FEMA's counsel seeking information as to compliance, plaintiffs had received no indication that FEMA was, in fact, taking steps to comply with this Court's order that FEMA "immediately" restore housing assistance benefits to the affected disaster victims. Less than two hours after plaintiffs requested that the Court order FEMA to submit a compliance plan, FEMA filed a notice of appeal and then, hours later, a motion for a stay pending appeal.[1]

---

[1] Plaintiffs oppose FEMA's motion for a stay pending appeal and are preparing a brief in opposition.

It is axiomatic that "[t]he taking of an appeal does not by itself suspend the operation or execution of a district-court judgment or order during the pendency of the appeal." Wright, Miller and Cooper, 16A Federal Practice & Procedure § 3954 at 295. The motion for a stay is not self-executing. Unless and until "a stay has been obtained, an injunction that the district court has granted remains in effect." *Id.*, § 2904 at 498; *see Western Lighting Corp. v. Smoot-Holman Co.*, 352 F.2d 1019 (9th Cir. 1965); *Robbins v. Pepsi-Cola Metropolitan*, 637 F. Supp. 1014, 1019 (N.D. Ill. 1986), *aff'd*, 800 F.2d 641 (7th Cir. 1986); *Dubose v. Harris*, 434 F. Supp. 227, 231 (1977). Although the filing of an appeal may divest a district court of its control over certain aspects of the case involved in the appeal, the court maintains jurisdiction for the purpose of enforcing its injunctions. *See Mallon v. Padova*, 810 F.Supp. 642, 644 (E.D.Pa.1993); *Vac-Air, Inc. v. John Mohr & Sons, Inc.*, 54 F.R.D. 580, 580-81 (E.D.Wis.1972); *see also Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir.1985); *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3d Cir.1988). Moreover, district courts retain their inherent power to punish parties who disobey their orders. *Vac-Air, Inc.*, 54 F.R.D. at 581.

Thus, FEMA remains under an obligation to comply with this Court's Order, and plaintiffs respectfully request that FEMA be ordered to appear as soon as possible to report on what efforts, if any, it has made in that regard. Because the passage of time threatens to undermine the efficacy of the relief order by the Court, it is imperative that FEMA comply with the Order, even as it seeks appellate review.

Respectfully submitted,

/s/ Michael T. Kirkpatrick
Michael T. Kirkpatrick
   (DC Bar No. 486293)
   mkirkpatrick@citizen.org
Deepak Gupta
   (DC Bar No. 495451)
   dgupta@citizen.org
Brian Wolfman
   (DC Bar No. 427491)
   brian@citizen.org
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, DC 20009
(202) 588-1000
(202) 588-7795 (fax)

Robert W. Doggett
   (TX Bar No. 05945650)
   rdoggett@trla.org
Jerome W. Wesevich
   (TX Bar No. 21193250)
   jwesevich@trla.org
Texas RioGrande Legal Aid, Inc.
4920 North Interstate Highway 35
Austin, Texas 78751
(512) 374-2725
(512) 447-3940 (fax)

Dated: December 6, 2006        *Attorneys for Plaintiffs*