IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW (ACORN), *et al.* | § § § § | |
| Plaintiffs, | § § | Civil Action No. 06-1521-RJL |
| v. | § § | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA), | § § § § | |
| Defendant. | § | |

**PLAINTIFFS' ANSWERS TO QUESTIONS POSED
IN COURT'S ORDER OF DECEMBER 8, 2006**

Plaintiffs have reviewed the best information available to them, and offer the following responses to the questions posed in the Court's Order of December 8, 2006.

Question 1: How many evacuees of Hurricanes Katrina and Rita were still receiving short-term housing assistance pursuant to Section 403 of the Stafford Act, 42 U.S.C. § 5170b, as of August 31, 2006?

Response: Plaintiffs are aware that in Houston alone, 3,642 households were receiving Section 403 assistance on August 31, 2006. TRO Exh. 13. Plaintiffs do not know how many other evacuee households in other locations may have been receiving Section 403 benefits on that date.

Question 2: How many of those receiving short-term housing assistance pursuant to Section 403 of the Stafford Act as of August 31, 2006 were housed in Texas?

Response: Plaintiffs are aware that at least 3,642 families living in the Houston area were receiving Section 403 assistance on August 31, 2006. Plaintiffs have no information

about the entire number of households in Texas that were receiving Section 403 on that date.

Question 3:   Of those being housed in Texas on August 31, 2006, how many evacuees had applied for and been denied long-term housing assistance benefits pursuant to Section 408 of the Stafford Act, 42 U.S.C. § 5174?

Response:   Plaintiffs understand that FEMA automatically considered every evacuee family that was receiving Section 403 assistance to be an applicant for Section 408 assistance. FEMA refers to this as the "conversion" process. *See* TRO Exh. 14; Dannels Dec. [#21] at 3.

Question 4:   Of those being housed outside of Texas on August 31, 2006, how many evacuees had applied for and been denied long-term housing assistance benefits pursuant to Section 408 of the Stafford Act?

Response:   Plaintiffs understand that FEMA automatically considered every evacuee family that was receiving Section 403 assistance to be an applicant for Section 408 assistance. FEMA refers to this as the "conversion" process. *See* TRO Exh. 14; Dannels Dec. [#21] at 3.

Question 5:   Of those housed in Texas who had been denied Section 408 benefits, how many, by August 31, 2006, had:

a. appealed that adverse decision through FEMA's appeal procedures, or

b. notified FEMA, in writing or verbally, of their inability to understand the reasons for the adverse decision?

Response: Plaintiffs have anecdotal information indicating that many evacuees appealed adverse decisions or notified FEMA of their inability to understand the reasons for the adverse decision, but plaintiffs have no information regarding the exact number of evacuees who did so.

Question 6: Of those housed outside of Texas who had been denied Section 408 benefits, how many, by August 31, 2006, had:

a. appealed that adverse decision through FEMA's appeal procedures, or

b. notified FEMA, in writing or verbally, of their inability to understand the reasons for the adverse decision?

Response: Plaintiffs have anecdotal information indicating that many evacuees appealed adverse decisions or notified FEMA of their inability to understand the reasons for the adverse decision, but plaintiffs have no information regarding the exact number of evacuees who did so.

Question 7: How many evacuees of the Hurricanes Katrina and Rita who were not receiving short-term housing assistance pursuant to Section 403 of the Stafford Act as of August 31, 2006, had previously applied for and been denied long-term housing assistance benefits pursuant to Section 408 of the Stafford Act?

Response: According to FEMA, 10,907 households that had received Section 403 assistance had been determined ineligible for Section 408 assistance as of December 5, 2006. Dannels Decl. [#21] at 3. Plaintiffs do not have specific information detailing the number of such households that had already been terminated from Section 403 before August 31, 2006.

Respectfully submitted,


 /s/ *Michael T. Kirkpatrick*
Michael T. Kirkpatrick
    (DC Bar No. 486293)
        mkirkpatrick@citizen.org
Deepak Gupta
    (DC Bar No. 495451)
        dgupta@citizen.org
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, DC 20009
(202) 588-1000
(202) 588-7795 (fax)

Robert W. Doggett
    (TX Bar No. 05945650)
        rdoggett@trla.org
Jerome W. Wesevich
    (TX Bar No. 21193250)
        jwesevich@trla.org
Texas RioGrande Legal Aid, Inc.
4920 North Interstate Highway 35
Austin, Texas 78751
(512) 374-2725
(512) 447-3940 (fax)

Dated: December 11, 2006         *Attorneys for Plaintiffs*