UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW (ACORN), et al., )<br><br>　　　　Plaintiffs, )<br>　　v. )<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY, )<br><br>　　　　Defendant. ) | Civil Action No. 06-1521-RJL |

**DEFENDANT'S RESPONSE TO THE DECEMBER 8, 2006 ORDER**

Defendant hereby responds to the questions posed in the Court's 8, 2006 Order as set forth herein. The responses to the questions propounded by the Court represent approximate numbers based upon database reviews, as definitive numbers could only be calculated through manual reviews of each Section 408 application file, a task that could not be completed in sufficient time to satisfy the Court's deadline.

Defendant's responses to each question are as follows:

1. Defendant's current estimate is 5,479.

2. Same as 1.

3. Same as 1.

4. Zero.

5. a. FEMA is in the process of attempting to determine the numbers under both the parties' interpretation of the November 29 Order[1] and the explanation of the Order provided by

---

[1] See ACORN v. FEMA, no. 06-5403 (D.C. Cir.), Plaintiff-Appellees' Opposition To FEMA's Motion For Administrative Stay, at 2 ("FEMA's motion for a stay to this Court does

the Court at the December 11, 2006 hearing.  Under both interpretations FEMA must query its systems to determine how many inbound documents are identified as appeals dated after notification of conversion and on or before 31, 2006.

Under the parties' interpretation, FEMA's initial determination indicates that there are approximately 2,000 evacuees who were housed under Section 403 in Texas who had appealed ineligibility determinations under Section 408 as of August 31, 2006, or had submitted documentation in an effort to cure such ineligibility determinations.

Under the Court's interpretation, FEMA has not yet determined the number.

b.  It is impossible for FEMA to respond accurately to this question.  FEMA cannot answer with respect to verbal inquiries.  To respond with respect to written inquiries, FEMA would have to manually review every inbound document in every file of every person who sought assistance under Section 408 as a result of Hurricanes Katrina and Rita.

6.  a.  As with No. 5(a), to provide a response under either the parties' interpretation of the November 29 Order or the explanation of the Order provided by the Court at the December 11, 2006 hearing, FEMA must query its systems to determine how many inbound documents are identified as appeals dated after notification of conversion and on or before 31, 2006.

Under the parties' interpretation of the November 29, Order, FEMA has not yet determined the answer.

According to the explanation of the November 29 Order provided by the Court at the

---

present new arguments and authority, largely focused on which disaster survivors may properly benefit from the district court's order.  But FEMA understood, as early as mid-September, that plaintiffs sought relief that would benefit all disaster survivors who were determined ineligible for extended housing assistance").

December 11, 2006, hearing, there were no such evacuees, as all of the Section 403 sheltering programs other than those in Texas ended prior to August 31, 2006.

    b. It is impossible for FEMA to respond accurately to this question. FEMA cannot answer with respect to verbal inquiries. To respond with respect to written inquiries, FEMA would have to manually review every inbound document in every file of every person who sought assistance under section 408 as a result of Hurricanes Katrina and Rita.

    7. Approximately 12,200.

Dated: December 8, 2006      Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney


    */s/ Christopher R. Hall*
MICHAEL SITCOV
CHRISTOPHER HALL
Trial Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C.  20530

(202) 514-4778