UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW (ACORN), et al., <br><br> Plaintiffs, <br> v. <br><br> FEDERAL EMERGENCY MANAGEMENT AGENCY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 06-1521-RJL |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MEMORANDUM
DESCRIBING FEMA'S OPTIONS FOR PAYING SEPTEMBER– NOVEMBER
HOUSING ASSISTANCE**

Plaintiffs' most recent effort to show that defendant is legally authorized to provide directly to individual Katrina evacuees lump sum payments equal to the amount of assistance defendant would have provided to Texas, or to certain Texas jurisdictions, under Section 403 of the Stafford Act during a three-month period when the Section 403 program was not in operation fails for the same reasons all plaintiffs' earlier efforts failed; viz., it conflicts with Section 403 and the regulations that implement it.

Plaintiffs first argue that although the November 29 and December 13, 2006 Orders explicitly require defendant to provide to those persons covered by the Orders the amount of Section 403 assistance they would have received between September 1 and November 29, 2006, if the Section 403 program had been in operation then, defendant can provide those lump sum payments without regard to Section 403, relying instead on Section 502 (42 U.S.C. 5192(a)(8)) or Section 408 of the Stafford Act.  These are not serious arguments.

Section 502 does not provide for the direct payment to disaster victims of any assistance. Instead, it allows the President to provide disaster assistance under the Stafford Act without waiting for a state to request it. 42 U.S.C. 5192(a)(8) (President may provide accelerated assistance "in the absence of a specific request"). Nothing in Section 502 even remotely suggests that such assistance is to be provided outside the Section 403 and 408 mechanisms, let alone authorizes direct payment of Section 403 assistance retroactively, and in a lump sum, directly to disaster victims. And because interpreting Section 502 as plaintiffs do would place that provision in direct conflict with Section 403, it must be rejected. Gustafson v. Alloyd Co., 513 U.S. 561, 570 (1995) (no Act of Congress should "be read as a series of unrelated and isolated provisions"); Precision Indus. v. Qualitech Steel SBQ, 327 F.3d 537, 544 (7th Cir. 2003) (citing Morton v. Mancari, 417 U.S. 535, 551 (1974)) (courts must construe two separate statutory provisions "in such a way as to avoid conflicts between them, if such a construction is possible and reasonable").

Nor is there anything to plaintiffs' Section 408 argument. It is true that in Katrina's immediate aftermath, FEMA made payments under Section 408 to certain of the storm's victims on an emergency basis. But FEMA made these expedited payments because circumstances at that time did not permit full eligibility analyses in time to meet certain immediate needs, and the expedited payments were limited to persons FEMA had reason to believe would qualify for Section 408 assistance based, inter alia, on (1) geospatial data for certain postal zip codes for which FEMA had data regarding water levels and disaster damage; and (2) NEMIS auto-determinations based on information received form evacuees at the time they registered for

assistance.[1]  Plaintiffs, on the other hand, already have been determined to be ineligible for Section 408 assistance.

Plaintiffs' second argument – that FEMA may simply channel retroactive payments to covered persons through intermediaries – misses the point of Section 403 altogether.  State and local governments are not simply payment intermediaries in the sense that a financial clearing center is an intermediary for the transmission of sums between financial institutions.  Rather, Section 403 authorizes FEMA to reimburse participating state and local governments the amount of money they spent actually providing shelter for persons affected by a disaster.  42 U.S.C. § 5170b(a)(4) (federal agencies may provide assistance, including "emergency shelter," essential to meet immediate threats to life and property resulting from a major disaster by, <u>inter alia</u> "[m]aking contributions to State or local governments or owners or operators of private nonprofit facilities for the purposes of carrying out the provisions of this subsection").  But during the period that would be covered by the lump sum payment plaintiffs are after, neither Texas, nor the local governments, paid evacuees' rent.  Thus, there are no costs for which FEMA can use Section 403 as a basis to reimburse or otherwise pay the State or local governments for the period in question.

Plaintiffs' final argument is that FEMA's interpretation of 44 C.F.R. § 206.208 as not authorizing FEMA to provide lump sum retroactive Section 403 benefits directly to those persons covered by the Court's Orders is entitled to no deference because it conflicts with the regulation's plain language.  This is so, plaintiffs' argue, because Section 206.208(a) authorizes "direct federal

---

[1] Evacuees who received Section 408 assistance in this fashion but who later were determined ineligible for Section 403 relief were required to repay the amount of Section 408 funds they had received.

assistance."[2] While that is true as far as it goes, it does not go far enough, because it ignores the fact that the direct federal assistance authorized by Section 206.208 consists of assistance under Section 403 that FEMA, rather than a state or local government, provides <u>directly to landlords</u> to pay the rent of disaster victims in a situation where a state or local government demonstrates an inability to perform the functions it is responsible for under Section 403. No state or local government even attempted to make the showing required by Section 206.208 for the period covered by the Court's Orders because the Section 403 program was not in operation then. And because Section 403 does not provide for the payment of federal assistance directly to disaster victims in any case, Section 206.208 would not have authorized the payment of any rental assistance directly to the persons covered by the Court's Orders even if the Section 403 program was operational during that period and FEMA had granted a state's or local jurisdiction's request for direct federal assistance under Section 206.208.

---

[2] <u>Udall</u> v. <u>Tallman</u>, 380 U.S. 1, 16-17 (1964), and its progeny, establish that FEMA's interpretation of its regulation is entitled to deference by the Court unless the Court determines that FEMA's interpretation is plainly erroneous or inconsistent with the regulation. As we explain in the text, that is not the case here.

Dated: December 21, 2006								Respectfully submitted,

											PETER D. KEISLER
											Assistant Attorney General

											JEFFREY A. TAYLOR
											United States Attorney


											 */s/ Christopher R. Hall*
											MICHAEL SITCOV
											CHRISTOPHER HALL
											Trial Attorneys
											U.S. Department of Justice
											Civil Division
											Federal Programs Branch
											P.O. Box 883
											Washington, D.C.  20530

											(202) 514-4778