IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW (ACORN), *et al.* | § § § § | |
| Plaintiffs, | § | Civil Action No. 06-1521-RJL |
| v. | § § § | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA), | § § § § | |
| Defendant. | § | |

**PLAINTIFFS' REPLY IN SUPPORT OF MEMORANDUM
DESCRIBING FEMA'S OPTIONS FOR PAYING
SEPTEMBER-NOVEMBER HOUSING ASSISTANCE**

This Court has already determined that when FEMA cut off the hurricane evacuees' housing benefits on August 31, its procedures for doing so violated the Constitution, depriving them of the right to meaningfully assess or challenge FEMA's decision. As a remedy for that constitutional violation, this Court ordered FEMA to pay the evacuees the short-term housing assistance they would otherwise have received from September through November. Unless there is some statutory or regulatory provision prohibiting that relief, the Court's Order should be enforced.

In arguing that there is no way the Court's order can be carried out, FEMA starts from the opposite premise: that unless there is some statutory provision that *expressly authorizes or provides for* the relief ordered, the Order can't be enforced. That is not the law. *See NAACP v. Secretary of Hous. and Urban Dev.*, 817 F.2d 149, 160-61 (1st Cir. 1987) (Breyer, J.) ("While the court must act within the bounds of the statute and without intruding upon the administrative province, it may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action.") (citing *Indiana & Michigan Electric Co. v. FPC*, 502 F.2d 336, 346 (D.C. Cir.

1974)); *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1187 (10th Cir. 1999) (Congress must use "clear expression" to curb judicial discretion over the scope of injunctive relief available in federal court.). "Even if Congress repealed all statutory remedies for constitutional violations, the power of federal courts to grant the relief necessary to protect against constitutional deprivations or to remedy the wrong done is presumed to be available in cases within their jurisdiction." *Smith v. Robinson*, 468 U.S. 992, 1012 n.15 (1984).

**1. FEMA Admits It Has The Money**.

Plaintiffs' memorandum pointed out that FEMA has admitted that it has the money to comply with the Court's order and that, even under FEMA's estimate of the cost of compliance, doing so would expend only 0.6% of FEMA's $1.5 billion Disaster Relief Fund. Pl's Mem. at 1 n.1. FEMA offers no response.

**2. FEMA Has Demonstrated No Barrier to Employing Its Section 408 Authority.**

FEMA admits that it has already made direct payments to Hurricane Katrina victims under its Section 408 authority and that those payments were made without determining in advance that those victims were eligible for assistance under the 408 eligibility criteria. Precisely that same procedure can be employed to effectuate the Court's Order. But FEMA argues that "Plaintiffs, on the other hand, already have been determined to be ineligible for Section 408 assistance." FEMA Resp. at 3. That argument begs the question. This Court has already decided that FEMA violated the Constitution by providing inadequate notice of alleged Section 408 ineligibility decisions, depriving plaintiffs of the right to meaningfully assess their situation, correct any deficiencies, or appeal. One of the remedies for that violation is the retroactive award of housing assistance benefits from the time that FEMA cut off the benefits through the date the Court's Order was issued.

### 3. FEMA Has Demonstrated No Barrier to Using Intermediaries Under Section 403.

FEMA's argument concerning the use of intermediaries under Section 403 suffers from the same flaw as all of its arguments: It assumes that because the Stafford Act *provides for* the reimbursement of costs incurred by intermediaries, that direct assistance through intermediaries is prohibited. No text in Section 403 limits payments to a "reimbursement" basis. And again, because the statute does not prohibit the remedy, the Court can adjust its relief to remedy the constitutional violation.

FEMA's argument on this score is particularly objectionable because it seeks to profit from FEMA's violation of constitutional norms. FEMA argues that "during the period that would be covered . . . neither Texas, nor the local governments, paid evacuees' rent." Resp. Br. at 3. But that is only because FEMA unlawfully cut off the evacuees' housing assistance on August 31, despite the Court's warning that doing so would result in an injunction to pay retroactive benefits..

FEMA, moreover, says nothing whatsoever about the possibility of using organizations such as the American Red Cross or FEMA's private contractor—Corporate Lodging Consultants (CLC)—to distribute the benefits. This omission is particularly striking in light of the City of Houston's explicit suggestion that using CLC to distribute these benefits would be the quickest, cheapest, and most efficient solution. *See* Letter from Robert Johnson dated December 20, 2006 (Doc. No. 36).[1]

---

[1] Assuming *arguendo* that the September-November payments ordered by the Court are somehow beyond the scope of Section 403, the payments are nevertheless authorized by Section 502. FEMA takes the position that Section 502 does not authorize any housing assistance beyond the scope of Sections 403 and 408, and offers two arguments in support. First, FEMA says that "[n]othing in Section 502 even remotely suggests that such assistance is to be provided outside the Section 403 and 408 mechanisms[.]" Resp. at 2. This is wrong under settled law. The text of statutes is of course the primary guide to their meaning. Section 502 confers

### 4. FEMA Has Demonstrated No Barrier to Direct Payments Under Section 403.

In their memorandum concerning FEMA's options, plaintiffs pointed out that 44 C.F.R. § 206.208 permits FEMA to make direct federal assistance payments under its Section 403 authority. FEMA misconstrues plaintiffs' argument. Plaintiffs made clear they that "are not suggesting FEMA must act pursuant to 44 C.F.R. § 206.208 to comply with the Court's Order; rather 44 C.F.R. § 206.208 demonstrates that nothing in Section 403 of the Stafford Act precludes direct federal assistance." Pl's Mem. at 4. FEMA offers no response to that argument. Despite its repeated protests that it cannot comply with the Court's order by making direct payments to evacuees, FEMA has pointed to nothing in the Stafford Act that prohibits such payments.

---

authority upon FEMA to:

> (1) [utilize] resources granted to it under Federal law ... in support of State and local emergency assistance efforts to [protect] public health and safety;
> . . . .
> (4) provide emergency assistance through Federal agencies;
> . . . .
> (6) provide assistance in accordance with section 408; [and]
> (8) provide accelerated Federal assistance and Federal support where necesssary to save lives, prevent human suffering, ... which may be provided in the absence of a specific request . . .

42 U.S.C. § 5192(a). Although FEMA claims that this law strictly limits it to providing housing assistance under Sections 403 and 408, the text plainly includes Section 408 in a long list of authorizations, and does not similarly mention Section 403. If FEMA's reading of the statute were correct, sub-part (4) of the statute would read: "provide emergency assistance in accordance with section 403." Congress demonstrated that it knew how to write such a limitation when it did so in sub-part (6) as to Section 408, and the fact that it did not include similar language in sub-part (4) as to Section 403 must be given effect as Congress's deliberate choice.

    FEMA also argues that "interpreting Section 502 as plaintiffs do would place that provision in direct conflict with Section 403." Resp. at 2. But FEMA makes no attempt to explain why. Indeed FEMA cannot explain why particularly because it acknowledges that Sections 403 and 408 provide for different types of housing assistance. Nothing cited by FEMA indicates that any conflict necessarily results when Section 502 operates as a third authority through which FEMA may provide housing assistance to evacuees.

Respectfully submitted,

*/s/ Michael Kirkpatrick*

_____
Michael T. Kirkpatrick
    (DC Bar No. 486293)
    mkirkpatrick@citizen.org
Deepak Gupta
    (DC Bar No. 495451)
    dgupta@citizen.org
Brian Wolfman
    (DC Bar No. 427491)
    brian@citizen.org
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, DC 20009
(202) 588-1000
(202) 588-7795 (fax)

Robert W. Doggett
    (TX Bar No. 05945650)
    rdoggett@trla.org
Jerome W. Wesevich
    (TX Bar No. 21193250)
    jwesevich@trla.org
Texas RioGrande Legal Aid, Inc.
4920 North Interstate Highway 35
Austin, Texas 78751
(512) 374-2725
(512) 447-3940 (fax)

Dated: December 21, 2006            *Attorneys for Plaintiffs*